# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| GLENN MATTHEWS,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA LIFE INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-cv-896-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant's motion to strike the addendum to Plaintiff's rebuttal expert report.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **RELEVANT BACKGROUND**

According to Plaintiff's complaint, he suffered a severe hip injury in 2002 as a result of horse-riding accident. Plaintiff left the work force on November 11, 2009, and was paid disability benefits. Plaintiff's disability benefits were later terminated because, among other

---

[1] *See* docket no. 16.

[2] *See* docket no. 40.

things, it was determined that he was not disabled as the result of an "Injury" under the insurance policy at issue.[3] An "Injury" under that policy is defined as an "accidental bodily injury sustained . . . directly and independently of disease or bodily infirmity, or any other causes."[4]

Plaintiff's complaint alleges that his hip injury is the most predominating condition that affects his disability. The complaint further alleges that Plaintiff has degenerative disc disease, which was exacerbated by his hip injury.

Plaintiff submitted the expert of Dr. Joel T. Dall ("Dr. Dall").[5] In that report, Dr. Dall indicated, among other things, that the only way of determining whether Plaintiff's accident-related diagnoses could be validated or substantiated by objective medical evidence was to perform diagnostic sacroiliac joint injections. Dr. Dall further indicated that, to his knowledge, such injections had not been performed.

Defendant then submitted the expert report of Dr. John Ballard ("Dr. Ballard").[6] In that report, Dr. Ballard opined that there were multiple factors accounting for Plaintiff's symptoms and his inability to perform regular work. Dr. Ballard further opined that Plaintiff had accident-related conditions and non-accident-related conditions and that it had not been proven which of those conditions was the major contributing factor to Plaintiff's inability to work.

Plaintiff then submitted a rebuttal expert report from Dr. Dall.[7] In that rebuttal report, Dr. Dall indicated that he had reviewed Dr. Ballard's report and that the comments contained in that

---

[3] *See* docket no. 40, Exhibit B.

[4] *Id.*

[5] *See* docket no. 21, Exhibit 1.

[6] *See* docket no. 36, Exhibit C.

[7] *See* docket no. 40, Exhibit C.

report were fairly consistent with his own report. Dr. Dall further indicated that he and Dr. Ballard agreed that the pain leading to Plaintiff's functional limitations and restrictions was multifactorial.

Later, Plaintiff submitted an addendum to that rebuttal expert report.[8] That addendum reports that Plaintiff underwent diagnostic sacroiliac joint injections, albeit after the submission of all of the above-referenced expert reports. In the addendum, Dr. Dall opined that because Plaintiff experienced good results from the injections, it strongly suggested that Plaintiff's pain was, in fact, coming from his sacroiliac joints, which supports Plaintiff's claim that his disability is caused solely by the horse-riding accident.

## **ANALYSIS**

Rule 26(a)(2)(C)(ii) of the Federal Rules of Civil Procedure "allows the admission of rebuttal testimony that is 'intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" *1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F. Supp. 2d 1151, 1167 (D. Utah 2010) (quoting Fed. R. Civ. P. 26(a)(2)(C)(ii)) (other quotations and citation omitted). "A rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice." *Id*. (quotations and citation omitted).

Defendants cite to a persuasive case from this court pertaining to the issue at hand. *See Ashike v. Mullen Crane & Transp., Inc.*, No. 2:12-cv-0011, 2014 U.S. Dist. LEXIS 2786, at *10-13 (D. Utah Jan. 8, 2014). *Ashike* involved a plaintiff who suffered an accidental injury in an automobile accident. *See id*. at *2. The plaintiff in that case submitted an expert report

---

[8] *See* docket no. 40, Exhibit D.

indicating that she had suffered a mild traumatic brain injury in the accident. *See id*. The defendants submitted their own expert report that reached the opposite conclusion, namely, that there was no indication that the plaintiff had suffered any residual brain injury as a result of the accident. *See id*. at *3. After the defendants submitted their expert report, the plaintiff underwent additional testing and examination, including a MRI of her brain. *See id*. at *4-7. The plaintiff then submitted a "supplement report" from her original expert, which included new opinions based on the MRI. *See id*. at *7-8.

The defendants subsequently moved to strike the report of the MRI and the new reports related to it. *See id*. at *1. The *Ashike* court granted that motion and concluded that the report of the MRI and the new reports related to it were improper rebuttal testimony. *See id*. at *10-13. The court also determined that the plaintiff was inappropriately attempting to use her rebuttal reports to bolster her case-in-chief. *See id*. at *10-11. Finally, the court concluded that allowing the report of the MRI and the new reports related to it would prejudice the defendants. *See id*. at *12.

In its motion, Defendant argues that the addendum to Plaintiff's rebuttal expert report should be stricken. Defendant contends that the addendum is, in reality, a new expert report, which contains improper rebuttal testimony.

Like the *Ashike* court, this court concludes that the addendum to Plaintiff's rebuttal expert report contains improper rebuttal testimony because it presents new evidence that is being used to bolster Plaintiff's case-in-chief. As Defendant has noted, the issue of whether Plaintiff's disability is caused solely by the horse-riding accident has been a key issue in this case from the outset. In the court's view, information concerning the diagnostic sacroiliac joint injections should have been included in Plaintiff's initial expert report because it goes directly to Plaintiff's

case-in-chief. While Plaintiff claims that he ran out of time to submit that information in his initial expert report, that is not a sufficient excuse for failing to do so. Further, that excuse does not justify submitting such information as improper rebuttal testimony. For these reasons, the court concludes that Plaintiff's submission of that information in the addendum is not "substantially justified." *1-800 Contacts, Inc.*, 755 F. Supp. 2d at 1167 (quotations and citation omitted).

The court also concludes that allowing the addendum would impose prejudice on Defendant. *See id*. The fact discovery and expert discovery deadlines passed long ago, and expert reports have been exchanged. Consequently, Defendant is now left without the opportunity to challenge the opinions contained in the addendum. Further, the dispositive motion deadline has passed, and Defendant has incurred the effort and expense of filing a motion for summary judgment by that deadline.

Based on the foregoing, Defendant's motion to strike the addendum to Plaintiff's rebuttal expert report[9] is **GRANTED**. That addendum is hereby stricken.

**IT IS SO ORDERED**.

DATED this 23rd day of June, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 40.